**Bruno VILLAREAL–GARCIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70941.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2015.[*]

Filed March 2, 2015.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Dawn S. Conrad, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

### MEMORANDUM [**]

The Board of Immigration Appeals (BIA) determined that Bruno Villareal–

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Garcia was statutorily ineligible for discretionary relief.[1] Villareal petitions for review. We have jurisdiction to review legal questions under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

1. The BIA found that Villareal served a five-year sentence for his attempted murder conviction. Substantial evidence supports that finding. Villareal was therefore statutorily ineligible for discretionary relief under 8 U.S.C. § 1182(c)(1992), which excludes "an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years."

2. Villareal is also statutorily ineligible for discretionary relief under 8 U.S.C. § 1182(h). The provision precludes relief when the individual has been convicted of attempted murder, or of any other aggravated felony, regardless of when the conviction took place. 8 U.S.C. § 1182(h); Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103–416, § 203, 108 Stat. 4311, 4318.

3. Villareal is statutorily ineligible for suspension of deportation under 8 U.S.C. § 1254(a)(2)(1996). His 1992 aggravated felony conviction barred him from making the required showing of good moral character. 8 U.S.C. § 1254(a)(2)(1996); 8 U.S.C. § 1101(f)(8); *Lopez–Castellanos v. Gonzales,* 437 F.3d 848, 851 (9th Cir.2006) (observing that § 1101(f)(8) applies to convictions entered on or after November 29, 1990).

Petition **DENIED.**

1. The parties are familiar with the facts, so we do not recount them.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.